————o————

No. 4611.

Court of Appeal, Parish of Orleans.

## MISS MARIA BERNADETTE BOURGEOIS VS. LEOPOLD WEIL BUILDING AND IMPROVEMENT CO., ET AL.

The clause in a contract of lease which expressly prohibits the subletting of the premises, gives rise to a right of action in favor of the lessor to cancel such lease; the property of the sub-tenant in good faith, cannot be levied upon by the lessor in an action for rental against his lessee.

Appeal from Civil District Court, Division "C."

Merrick, Lewis & Gensler, for Plaintiff and Appellee.

Jos. Lautenschlaeger and B. R. Forman, for Defendant and Appellant.

ESTOPINAL, J. The case is correctly stated as follows:

On May 16th, 1907, the Leopold Weil Building and Improvement Company sued out a writ of provisional seizure against Thomas J. McCague, their tenant, and among the effects seized was a certain Werlein Piano and Piano stool. On May 18th, 1907, plaintiff filed with the constable who executed the

writ her affidavit of ownership of said piano and piano stool. On the 21st of May, 1907, defendants confirmed a judgment by default against McCague, with recognition of their lien and privilege on the property seized. On the same day (May 21st), plaintiff, through her attorney, again notified defendant that she was the bona fide owner in her own right of the piano and piano stool, to all of which the defendant paid no attention.

On June 13th, 1907, the effects seized, including said piano and piano stool, were advertised for sale, the first advertisement having appeared on June 2d, 1907. On June 4th, 1907, plaintiff sued out a writ of injunction against the defendant to prevent the sale of the piano and piano stool, averring that said piano and piano stool were her own personal property, and being paid for by her; that she was indebted to neither McCague nor the defendant in injunction; that she boards and rents from her father, and pays for same with her own personal funds, earned by her in her employment, and is an under-tenant on the premises in which the property was seized; that she is not now, and was not at the time of said seizure, indebted to her father (step), her lessor, for any sum whatever.

There was judgment below in favor of plaintiff, perpetuating the injunction and declaring the piano and piano stool exempt from seizure by the defendant. Plaintiff's claim for damages was dismissed.

Defendants have appealed from this judgment, and plaintiff has answered the appeal, asking that the judgment be amended by allowing plaintiff damages as prayed for in her petition for illegal seizure of her property.

The plaintiff testified that the piano was bought for her by her mother in September, 1905; that her mother signed the contract with the Philip Werlein Company, Limited, at that time, and that she (plaintiff), upon reaching her majority, on February 15, 1907, affixed her own signature to the document.

Counsel for the defendant at the bar of this Court and in brief says:

"She does not explain how the piano which her mother bought on September 22nd, 1905, became hers by her signing the contract a year and five months later."

We think her ownership is shown by the fact that she signed the contract at a time apparently not suspicious, and

further, her categorical statement, in her testimony, not contradicted, that she herself had paid for the piano.

The defendant's other contention is that she failed to establish her character as a sub-tenant, because she has shown no specific contract of lease evidencing consent of the parties, the thing, and the rent paid.

Clearly, she was occupying one apartment at least in the premises with the consent of her stepfather, the lessee of said premises, and her statement that she paid a definite price or rent based on her earnings, three dollars ($3.00) a week, when she earned seven dollars $7.00), and four dollars ($4.00) a week when she earned eight dollars ($8.00), evidences sufficiently a legal contract of lease.

We are of opinion that under the record this judgment of the District Court perpetuating the injunction and decreeing the piano and piano stool seized in the suit of defendant against McCague, was a perfectly proper one.

It is urged that the quality of a sub-tenant does not exist in the plaintiff, by reason of the provision in the lease to McCague, prohibiting the subletting of the premises without the lessor's consent.

It is true that no valid sub-lease of premises can be made without the consent of the lessor, but this only gives cause for an annullment of the lease, and the innocent third person who has leased from the lessee in good faith, cannot be made to suffer by levy on his property.

The judgment appealed from is affirmed.

February 8, 1909.

Rehearing refused March 8, 1909.

Writ refused, by Supreme Court, March 31, 1909.